

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THOMAS GLEN BLANTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:19-CV-138-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of | § | |
| Criminal Justice, | § | |
| Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Thomas Glen Blanton, a state prisoner confined in the Correctional institutions Division of the Texas Department of Criminal Justice, against Lorie Davis, director of that division, respondent. After having considered the pleadings, state-court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. BACKGROUND

In December 2016 petitioner was indicted in Palo Pinto County, Texas, Case No. 161103, for driving while intoxicated (DWI), third or more. (SHR[1] 22-23, doc. 17-2.) The indictment

---

[1] "SHR" refers to the state-court record of petitioner's state habeas proceedings in WR-34,383-02.

also included two felony-enhancement allegations. On November 1, 2017, pursuant to a plea agreement, petitioner pleaded guilty to the offense and true to the sentence-enhancement allegations and was sentenced to 25 years' confinement. (Id. at 24.) Petitioner did not appeal his conviction or sentence but did file a state habeas-corpus application, raising one or more of the claims raised herein, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (Action Taken, doc. 17-2.) This federal habeas petition followed.

## II. ISSUES

Petitioner raises four grounds for relief, wherein he claims his constitutional rights were violated in various respects. (Pet. 6-7, doc. 1.)

## III. RULE 5 STATEMENT

Respondent believes petitioner has exhausted his state-court remedies, save for his claims under ground three, and that the petition is not barred by limitations or subject to the successive-petition bar. (Resp't's Answer 4, doc. 12.)

## IV. EXHAUSTION AND PROCEDURAL DEFAULT

Respondent believes that petitioner's third ground, raised for the first time in this federal petition, is unexhausted and procedurally barred. (Resp't's Answer 5-6, doc. 12.) Under ground three, petitioner claims that his rights under the Fourth and Fifth Amendments were violated because the arresting officer

failed to inform him of "the refusal of the breath test" or show him "a warrant for blood," "laid [him] out like a cross off of the floor with one officer on each lem [sic]" and "never did take possion [sic] of the blood." (Pet. 7, doc. 1.)

Petitioners seeking habeas-corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas,* 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-48 (1999); *Fisher,* 169 F.3d at 302; *Carter v. Estelle,* 611 F,2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier,* 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or, as in this case, a state habeas-corpus proceeding under article 11.07 of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Depuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988).

Respondent's belief is supported by the state-court record. The claim could have been raised in petitioner's state habeas

3

application but was not. Thus, to the extent petitioner now asserts a federal constitutional claim for the first time, the claim is unexhausted for purposes § 2254(b)(1)(A). Under the Texas abuse-of-the-writ doctrine, however, petitioner cannot now return to state court for purposes of exhausting the claim. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a)-(c). The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Consequently, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated by petitioner, ground three is unexhausted and procedurally barred from this court's review. The following discussion therefore applies only to his remaining grounds.

## V. STANDARD OF REVIEW

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record

4

before the state court. *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011); 28 U.S.C. § 2254(d)(1)-(2). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter,* 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001). It is the petitioner's burden to rebut the presumption of correctness through clear and convincing evidence. § 2254(e)(1). *Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003); *Williams v. Taylor,* 529 U.S. 362, 399 (2000).

Furthermore, when the Texas Court of Criminal Appeals, the state's highest criminal court, denies relief without written order, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Richter,* 562 U.S. at 100; *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision

5

providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers,* 138 S. Ct. 1188, 1191-92 (2018). If there is no related state-court decision providing the courts' reasoning, a federal court may imply fact findings consistent with the courts' disposition of the claims. *Valdez v. Cockrell,* 274 F.3d 914, 948 n.11 (5th Cir. 2001). A federal court defers to and accepts a state court's interpretation of its own law, unless that interpretation violates the United States Constitution. *Creel v. Johnson,* 162 F.3d 385, 391 (5th Cir. 1998).

## VI. DISCUSSION

Under his first ground, petitioner claims that his rights under the Sixth Amendment were violated because trial counsel rendered ineffective assistance of counsel. Specifically, he asserts that he "never seen [sic] counsel till [sic] final plea agreement"; that he "had four witness statements that would state that he was not driving" the vehicle; that counsel never investigated; and that "there was no film or proof that [petitioner] was driving" the vehicle. (Pet. 6, doc. 1.) Under his second ground, petitioner claims that his right to due process under the Fifth and Fourteenth Amendments was violated because one of the sentence-enhancement convictions was older than 10 years, and had counsel challenged the enhancement, "there

6

would of not be [sic] an habitual punishment range." (Id.) Finally, under his fourth ground, petitioner claims that his rights under the Fourth, Fifth, and Fourteenth Amendments were violated because he was not driving the vehicle but was merely sitting "in a none [sic] moving truck talking to the driver." (Id. at 7.)

Notwithstanding petitioner's claims, by entering a knowing, intelligent, and voluntary guilty plea, a defendant waives all nonjurisdictional defects in the proceedings preceding the plea, including constitutional ones, that do not attack the knowing and voluntary character of the plea. *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983); *Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir. 1981). A guilty plea is knowing, intelligent, and voluntary if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States,* 397 U.S. 742, 748 (1970). The official state-court records "are entitled to a presumption of regularity and are accorded great evidentiary weight" on federal habeas review. *Hobbs v. Blackburn,* 752 F.2d 1079, 1081-82 (5th Cir. 1985) (citations omitted). Likewise, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) When reviewing a record, a court must give a signed, unambiguous plea agreement great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th

7

Cir. 1994). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). If a challenged guilty plea is knowing, intelligent, and voluntary, it will be upheld on federal habeas review. *James v. Cain,* 56 F.3d 662, 666 (5th Cir. 1995). Because petitioner's guilty plea and pleas of true may have waived one or more of his claims under these grounds, it is necessary to address the knowing, intelligent, and voluntary nature of his pleas first.

The state habeas judge, who also presided over the plea proceedings, held a hearing by affidavit. In his affidavit, counsel replied to one or more of petitioner's allegations as follows:

> I was appointed to represent [petitioner] in Cause No. 16103 in the 29th Judicial District Court of Palo Pinto County, Texas, in September, 2017. He had been indicted for DW1 3rd or more and in addition to the jurisdictional paragraphs, there were two prior felony paragraphs in sequential and proper order for the punishment to be enhanced for a period of not less than 25 years and no more than 99 years or life in prison.
>
> [Petitioner] complains that the second enhancement paragraph contained an incorrect date of conviction. Prior to [petitioner] entering his plea, I reviewed the state's file regarding prior judgments and found that [petitioner]'s community supervision was revoked in August, 2007, according [to] the . . . pen packet from TDCJ, from Ellis County, Texas, which was a proper date for the enhancement paragraph. I informed [petitioner] that I had reviewed the state's file for all prior judgments and pen packets and they were in order and correctly alleged in the indictment.

8

> Further, in reviewing the offense report from the arresting agencies, [petitioner] admitted to the officer that he was driving the vehicle prior to being arrested. Further, [petitioner] forwarded a "kite" from the jail to District Judge Mike Moore informing Judge Moore he was driving the vehicle and he knows he messed up. That was prior to me being appointed to represent [petitioner].
>
> Further, on the day of the plea negotiations, I asked [petitioner] if he was driving the vehicle and he informed me he was driving.
>
> I visited with [petitioner] approximately 3 or 4 times prior to him entering his plea of guilty to the offense and true to the jurisdictional and enhancement paragraphs. I went through the judgment and plea memorandum and explained to him all relevant paragraphs of both. [Petitioner] informed me he understood both documents and was in fact guilty of the offense alleged. When admonished by Judge Moore in open court on the day of the plea, [Petitioner] informed Judge Moore that he was entering his plea knowingly and intelligently and freely and voluntarily and he was pleading guilty and true because he was guilty and the jurisdictional and enhancement paragraphs were true and for no other reason.
>
> I asked him if he had any questions regarding any of the information or documents regarding his case or plea and [petitioner] informed me that he had none. Judge Moore asked him the exact questions that I asked him and explained to him and at no time did [petitioner] indicate he didn't understand or was not in agreement with the plea. If he had informed me or the Court that he did not understand something or was not in agreement with the plea bargain, I would have stopped the plea and attempted to resolve those issues.

(SHR 29-30, doc. 17-4.)

Based on counsel's affidavit, the state-court records, and his own recollection of the plea proceedings, including petitioner's testimony and demeanor in court, the state habeas judge entered the following findings of fact and legal

9

conclusions:

### **FINDINGS OF FACT**

1. On November 1, 2017, [petitioner] pled guilty and judicially confessed, pursuant to a plea agreement, to the 3rd degree felony (enhanced to Habitual punishment range) offense of Driving While Intoxicated 3rd or More.

2. [Petitioner] advised this Court personally that his pleas were freely, voluntarily and knowingly made. [Petitioner]'s pleas were not induced by coercion or threats.

3. This Court would not have accepted [petitioner]'s pleas of guilty and true if he had not indicated that they were freely, voluntarily, or knowingly made.

4. Hon. Ford has practiced in this Court and in other courts in the State of Texas for many years, and the Court finds him a credible person.

5. The Court finds Hon. Ford's affidavit credible and supported by the record.

6. [Petitioner] was admonished both in writing and orally by this Court that he was giving up his right to trial by jury and to appeal his conviction following his guilty pleas.

### **CONCLUSIONS OF LAW**

1. [Petitioner] was properly admonished by this Court is connection with his pleas.

2. [Petitioner] has failed to prove that his pleas were not freely, voluntarily or knowingly made.

3. [Petitioner] has failed to prove that his pleas were involuntary due to ineffective assistance of counsel.

4. [Petitioner] waived his right to trial by jury and to an appeal in connection with his guilty pleas.

(Id. at 31-32.)

10

In turn, having adopted the trial court's findings, the Texas Court of Criminal Appeals denied habeas relief. Petitioner presents no evidence, much less clear and convincing evidence, to rebut the state courts' express and implied findings.

Thus, applying the appropriate deference to those findings, including the state courts' credibility determinations and implied finding that petitioner's sentence was properly enhanced under state law, petitioner's conclusory claims, after the fact, are insufficient to rebut the presumption that he received effective assistance of counsel and the presumption of regularity of the state-court records. See *Webster v. Estelle,* 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson,* 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999) (same). Petitioner had notice of the charges against him, understood the constitutional protections waived and the consequences of his pleas, and had access to the advice of competent counsel. Therefore, petitioner's constitutional claims under grounds one, two, and four involving nonjurisdictional defects in the proceedings preceding the plea are waived.

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied and that a certificate of appealability be, and is hereby

11

denied.

    SIGNED April __27__, 2020.

                                              JOHN MCBRYDE
                                              UNITED STATES DISTRICT JUDGE